CONCURRING AND DISSENTING OPINION BY
President Judge PELLEGRINI.
I agree with the majority that the net loss carryover deduction (NLC deduction) provision in Section 401(3)4.(c)(l)(A)(II) of the Tax Reform' Code of 1971 (Tax Reform *14 Code)[1] that allows a net . loss deduction that is the greater of the flat percentage of net losses or of a flat capped amount violates the uniformity requirement (Article VIII, Section 1) of the Pennsylvania Constitution (Uniformity Clause). As the .majority cogently explains:
To the extent the General Assembly exercises its power to tax property, it cannot set a valuation 'threshold that, in effect, exempts some property owners from the tax entirely. The Commonwealth offers no reasoned or persuasive argument to eschew this precedent in this case. Here, the General Assembly has elected to tax property — -ie., corporate net income. It has also allowed taxpayers to deduct from their taxable income carryover net losses from prior years. By capping that deduction at the greater of $3 million or 12.5% of taxable income, however, the General Assembly has favored taxpayers whose property (ie., taxable income) is valued at $3 million or less. To the extent these taxpayers are in a positive net loss carryover position, they pay no corporate net income tax — ie., they have no tax burden. A similarly-situated taxpayer with more than $3 million in taxable income, however, cannot avoid paying tax under the NLC deduction provision. The distinction is based solely on asset value, which is, under Cope’s Estate, “unjust, arbitrary, and illegal.” Id. at '81. Moreover, the fact that the NLC deduction provision enabled 98.8% of taxpayers in a positive net loss carryover position to avoid paying any tax in 2007, leaving 1.2% of similarly-situated taxpayers to pay some' tax, “illustrates the injustice and inequality that must result from such special legislation.” Id. at 82. (footnote omitted).
Opinion, p. 11.
The majority, however, pretends. that because Nextel is purportedly not making a facial challenge, what is “only” to be declared unconstitutional is the NLC deduction provision as applied to Nextel for the 2007 Tax Year. Realizing the effect that its opinion would have, the majority opinion states that “[t]o the extent our decision in this as-applied challenge calls into question the validity of the NLC deduction provision in any other or even every other context, the General Assembly should be guided accordingly.” Opinion, p. 13. Unless our case law means nothing, no matter whether you call it — an “as applied” challenge or a facial challenge— the net effect of our holding is that Section 401(3)4.(c)(l)(A)(II) can no longer cap the amount of NLC deductions for all taxpayers. As a result, we must go on to determine whether the flat capped NLC deduction should be stricken making that provision uniform or, as the majority does, eliminate all caps on NLC deductions.[2]
Section 1925 of the Statutory Construction Act, 1 Pa.C.S. § 1925, provides, • in relevant part: ■
The provisions of every statute shall be severable.' If any provision of any statute ... is held invalid, the remainder of the statute ... shall not be affected *15 thereby, unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision ... that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.
Under the provisions, the unconstitutional provisions should be severed from their constitutional counterparts unless the valid provisions are so essentially and inseparably connected with, and so dependent-upon, the void provision or application so that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the voided one or that the remaining valid provisions, standing alone, are incomplete and incapable of being executed in accordance with the legislative intent. Pennsylvanians Against Gambling Expansion Fund, Inc. v. Commonwealth, 583 Pa. 275, 877 A.2d 383 (2005).
The NLC deduction contained in Section 401(3)4.(c)(l)(A)(II) is part of the “Definition” section of the Tax Reform Code which provides, in relevant part:
(A)(1) For taxable years- beginning before January 1, 2007, two million dollars ($2,000,000); '
(II)’ For taxable years beginning after December 31, 2006, the greater of twelve and one-half per cent of taxable income as determined under subclause 1 or, if applicable, subclause 2 or three million dollars ($3,000,000);
(III) For taxable years , beginning after December 31, 2008, the greater of fifteen per cent of taxable income as determined under subclause 1 or, if applicable, subclause 2 or three million dollars ($3,000,000);
(IV) For taxable years beginning after December 31, 2009, the greater of twenty per cent of taxable income as determined under subclause 1 or, if applicable, subclause 2 or three million dollars ($3,000,000);
(V) For taxable years beginning after December 31, 2013, the greater of twenty-five per cent of taxable income as determined under subclause 1 or, if applicable, subclause 2 or four million dollars ($4,000,000);
(VI) For taxable years beginning after December 31, 2014, the greater of thirty per cent’ of taxable income as determined under subclause 1 or, if applicable, subclause 2 of five million dollars ($5,000,000).
72 P.S. § 7401(3)4.(c)(l)(A) (emphasis added).
It is clear that the General Assembly wanted to limit NLC deductions every tax year — with both a flat and percentage cap on deductions. The majority would strike all caps on deductions, which is directly against the legislative scheme of the placement of caps on NLC deductions. If the unconstitutional flat cap- deduction is severed for each relevant year highlighted in bold, the" uniform percentage deduction would remain, which would be available to all taxpayers. Severing the flat cap provisions would carry out the legislative intent to place a limitation on NLC deductions for each year.
Because the remaining valid provisions of Section 7401(3)4.(c)(l)(A) carry out the intent of the General. Assembly, protect the public purse, and are. complete and capable of being administered without the severed provisions,- I dissent from that *16 portion of the majority opinion that removes the cap on all NLC deductions.
Judge LEADBETTER joins in this concurring and dissenting opinion.

. The majority relies on Iowa-Des Moines Nat. Bank v. Bennett, 284 U.S. 239, 52 S.Ct. 133, 76 L.Ed. 265 (1931) and Tredyffrin-Easttown Sch. Dist. v. Valley Forge Music Fair, Inc., 156 Pa.Cmwlth. 178, 627 A.2d 814, 821 (1993), but those cases have nothing to do with how a tax statute should be interpreted once a provision is found unconstitutional to give effect to the General Assembly’s intention. They are not applicable because neither of those cases dealt with an unconstitutional tax statute, but with the unequal enforcement of a constitutional statute by administrative officials.